UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4494 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cox |
| Chicago Police Officer | ) | |
| SALVATORE RUGGIERO, Star 6626, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, Salvatore Ruggiero ("Ruggiero") and City of Chicago ("City")(collectively referred to as "Defendants"), by one of their attorneys, Anne K. Preston, Assistant Corporation Counsel, submit this Local Rule 56.1 Statement of Uncontested Facts in support of their Motion for Partial Summary Judgment in this cause. Defendants state that these facts are deemed uncontested solely for the purpose of presenting their Motion for Partial Summary Judgment. Defendants reserve the right to contest certain of these facts at trial.

1. The jurisdiction of this court is proper under 28 U.S.C. §§1331 and 1343(a). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) as to Plaintiff's state law claims. (Plaintiff's Complaint, ¶ 2, attached hereto as Exhibit 1; Defendants' Answer, ¶ 2, attached hereto as Exhibit 2).

2. Venue is proper in that the alleged events took place in Chicago, Illinois, located in the Northern District of Illinois (Exhibits 1 and 2, both at ¶ 3).

3. On July 3, 2009, Defendant Officer Ruggiero was a duly sworn and appointed police officer acting under color of state law and in the course and scope of his employment for

Defendant City of Chicago, a municipal corporation under Illinois law. (Exhibit 2, ¶¶ 5 & 7).

4. On July 3, 2009, Plaintiff resided at 4329 W. Thomas, Chicago, Illinois, where he has lived for the last five years. (Plaintiff's Deposition, portions thereof attached hereto as Exhibit 3, pp. 11:10-12 & 42:10-12)

5. On July 3, 2009, Officer Ruggiero was assigned to the traffic car in the 11th district. (Officer Ruggiero's Deposition, portions thereof attached hereto as Exhibit 4, pp. 7:21-23 & 8:9-10) Officer Ruggiero was in uniform in a marked squad car and was working without a partner. (Exhibit 4, p. 9:3-16)

6. On July 3, 2009, Plaintiff left his home in his vehicle, a silver 2002 Infiniti Q45, with license plate number 9544579. (Exhibit 3, pp. 43:9-21 & 44:17-23)

7. On July 3, 2009, the brakes in Plaintiff's vehicle were functioning properly. (Exhibit 3, p. 46:20-22)

8. From his residence, Plaintiff drove east on Thomas St., south on Keeler Ave., and then proceeded eastbound on Augusta Blvd. (Exhibit 3, pp. 49:10-24, 50:1, 50:21-24, & 51:1; True and Accurate Map from Google Maps, attached hereto as Exhibit 5[1])

9. When Plaintiff crossed Springfield Blvd., the officer pulled right behind him. (Exhibit 3, p. 57:14-16; Exhibit 5)

10. Plaintiff did not stop his vehicle at the intersection of Augusta Blvd. and North Avers Ave. on July 3, 2009 because he claims there was no stop sign there. (Exhibit 3, p. 57:20-22; Exhibit 5)

---

[1] Plaintiff produced a similar map in discovery from Google Maps with handwritten notes on it. Defendants attach this map to their Rule 56.1 statement as an aid to the Court.

11. Plaintiff thinks that he stopped at the stoplight on Augusta Blvd. located at Hamlin Ave.. (Exhibit 3, p. 57:16-17; Exhibit 5).

12. On July 3, 2009, when Officer Ruggiero was in the vicinity, there were stop signs located at the intersection of Augusta Blvd. and Ridgeway Ave. Specifically, the stop signs were located on Augusta Blvd. at the intersection with Ridgeway Ave. for traffic traveling eastbound and westbound on Augusta Blvd. (Exhibit 4, pp. 11:11-24 & 12:1-3; Exhibit 5)

13. Plaintiff does not know if there was a stop sign located at the intersection of Augusta Blvd. and Ridgeway Ave. on July 3, 2009. (Exhibit 3, p. 56:6-8)

14. Plaintiff did not stop at the intersection of Augusta Blvd. and North Ridgeway Ave. on July 3, 2009. (Exhibit 3, pp. 57:23-24 & 58:1) Officer Ruggiero saw Plaintiff fail to stop his vehicle at the stop sign located at the intersection of Augusta Blvd. and Ridgeway Ave. (Exhibit 4, pp. 16:14-18, 16:22-24, & 17:1-2)

15. Officer Ruggiero inputted Plaintiff's license plate number into his PDT and learned that the vehicle was not stolen, the owner's name, and the make and year of the vehicle. (Exhibit 4, pp. 20:6-24 & 21:1-6)

16. The officer activated his lights and sirens. (Exhibit 3, pp. 72: 19-24 & 73:1-5)

17. Officer Ruggiero curbed Plaintiff's vehicle near the intersection of Augusta Blvd. and Trumbull Ave.. (Exhibit 3, p. 59:13-18; Exhibit 4, p. 22:4-6; Exhibit 5)

18. The officer approached Plaintiff's driver's side window and told Plaintiff to step out of the car. (Exhibit 3, p. 74:6-11)

19. Officer Ruggiero called for a backup unit for his safety. (Exhibit 4, pp. 26:22-24, 27:1-2, & 27:10-13)

20. Plaintiff got out of his car and Officer Ruggiero placed him in handcuffs. (Exhibit 3, p. 76:3-6; Exhibit 4, p. 31:6-10)

21. The officer said "I need you to sit in the police car," then Officer Ruggiero walked Plaintiff to the squad car and Plaintiff sat down inside. (Exhibit 3, p. 84:3-6; Exhibit 4, p. 32:12-14)

22. Officer Ruggiero wrote Plaintiff a traffic ticket for running a stop sign; the address of occurrence written on the ticket was 3700 W. Augusta. (Exhibit 3, p. 103: 8-12; Exhibit 4, pp. 48:10-19 & 49:15-21; Traffic Ticket, attached hereto at Exhibit 6)

23. On July 3, 2009, Officer Ruggiero believed that the address for the intersection of Ridgeway Ave. and Augusta Blvd. was 3700 W. Augusta Blvd. (Exhibit 4, p. 59: 7-11)

24. When Officer Ruggiero wrote the traffic ticket, he approximated that the address for the intersection of Augusta Blvd. and Ridgeway Ave. (where Plaintiff failed to stop at the stop sign) was 3700 W. Augusta. (Exhibit 3, pp. 57:23-24 & p. 58:1; Exhibit 4, pp. 16:14-18, 16:22-24, 17:1-2, & 50:4-12)

25. Officer Ruggiero now knows that the address for the intersection of Augusta Blvd. and Ridgeway Ave. is 3732 W. Augusta. (Exhibit 4, p. 59:13-24)

26. The address for the intersection of Augusta Blvd. and Lawndale Ave. is 3700 W. Augusta and there is no stop sign at that address. (Exhibit 4, pp. 49:19-24 & 50:1-3)

27. After Officer Ruggiero wrote the ticket, he let Plaintiff out of the car, took the handcuffs off, and gave Plaintiff the ticket. (Exhibit 3, pp. 115:21-24 & 116:1-2; Exhibit 4, pp. 50:16-24 & 51:1-5)

28. Plaintiff never asked the officers if he could leave while he was handcuffed on

4

July 3, 2009. (Exhibit 3, p. 118:2-5)

29. Plaintiff's traffic stop lasted approximately 30 minutes or less. (Exhibit 3, p. 121:11-13; Exhibit 4, p. 56:14-17)

30. On July 27, 2009, Plaintiff went to court and was found not guilty. Specifically, the judge said that he would give Plaintiff the "benefit of the doubt." (Exhibit 3, pp. 128:8-11, 130:21-23, & 131:20-22) Accordingly, Plaintiff did not have to pay the traffic ticket for failure to stop at a stop sign. (Exhibit 3, pp. 131:23-24 & 132:1-2).

Respectfully submitted,

/s/ Anne K. Preston
Anne K. Preston
Attorney for Defendants
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 742-4045
Attorney No. 6287125