# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4494 | **DATE** | 5/18/2011 |
| **CASE TITLE** | Marshall vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendants' motion for summary judgment [docket no. 21].

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Edgar Marshall has sued Chicago police officer Salvatore Ruggiero and the City of Chicago. He asserts claims of unreasonable seizure and unreasonable search under 42 U.S.C. § 1983 and malicious prosecution under state law. His claims arise from a traffic stop that took place on July 3, 2009. The case is set for trial on June 13, 2011. The defendants have moved for summary judgment on Count 1 (unreasonable seizure), Count 4 (malicious prosecution) and Count 5 (*respondeat superior* on the malicious prosecution claim). They contend that Ruggiero had probable cause to stop Marshall and that Marshall has no evidence of malice. As to Count 1, they also contend that Ruggiero is entitled to qualified immunity.

The Court denies the motion because there is a genuine, and fundamental, factual dispute regarding the events that led to Ruggiero's stop of Marshall. This dispute will require, among other things, credibility assessments. In the Court's view, the existence of a genuine factual dispute is not a close question by any stretch of the imagination.

Before Ruggiero curbed Marshall's car, a luxury car (albeit one that was a several years old), Marshall was driving west on Augusta Boulevard in the Humboldt Park neighborhood of Chicago. The citation that Ruggiero gave Marshall stated that he had failed to stop at a stop sign at 3700 West Augusta. That is the intersection of Augusta and Lawndale. It is undisputed, however, that there was no stop sign at that intersection.

Defendants now contend that Ruggiero made a mistake on a citation and that in fact he saw Marshall fail to stop completely at a stop sign at the corner of Augusta and Ridgeway. That intersection is located at 3732 West Augusta. At his deposition, however, Marshall testified that he did not run *any* stop signs on Augusta. *Id.* 169. A jury reasonably could believe this testimony and find from this and other evidence that Ruggiero lacked probable cause to stop Marshall for failing to stop either at Ridgeway or at Lawndale.

| STATEMENT |
|---|

In their motion, defendants seize on Marshall's testimony that he did not come to a stop, or to a complete stop, at the intersection of Augusta and Ridgeway. *Id.* 57-58. But in that same passage, Marshall stated that there was no stop sign at that intersection. *Id.* 58. And this came after a series of questions in which he stated that he did not know whether there was a stop sign at that intersection (though apparently there was). *Id.* 56-57. In context, a reasonable jury could find that Marshall had a failure of recollection regarding whether there was a stop sign at that intersection and was saying nothing more than that he did not come to a stop if there was no stop sign. A reasonable jury likewise could find that Marshall's testimony that he did not run *any* stop signs on Augusta carries the day. Defendants' motion essentially ignores the fact that on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant, in this case Marshall.

Defendants' argument that Ruggiero is entitled to qualified immunity on the unlawful seizure claim is likewise meritless. First, the argument is not sufficiently developed to warrant consideration: defendants simply state the test for qualified immunity and say, without explanation or elaboration, that Marshall "cannot meet his burden." Defs.' Summ. Judg. Mem. at 5. Second, the same fundamental factual dispute that the Court has just described would require denial of summary judgment based on qualified immunity in any event. A fact finder will have to determine which of the two competing versions of the facts is more persuasive. The same dispute requires denial of summary judgment on the malicious prosecution claim, because a reasonable jury could find from the evidence that Ruggiero's citation of Marshall was entirely baseless and thus motivated by malice. *See, e.g., Manning v. Dye*, No. 02 C 372, 2004 WL 2496456, at *15 (N.D. Ill. Nov. 5, 2004) (malice can be inferred from absence of probable cause if circumstances are inconsistent with good faith).

Marshall contends that Ruggiero stopped him not because he violated the law but because he was driving a fancy car in a poorer neighborhood. The Court cannot say whether that is so. But Marshall is entitled to a trial on his claims.